UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRELL PORTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-cv-2565-JAR |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Terrell Porter for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and waive the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). In addition, for the reasons discussed below, the Court will dismiss defendant St. Louis County, Missouri and plaintiff's official capacity claims against defendants Unknown Williams and Unknown Dickerson, and direct the Clerk of Court to issue process upon the complaint as to Unknown Williams and Unknown Dickerson in their individual capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an "Inmate Account Activity" form showing no credits to his inmate account, and an account balance of -$214.73. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, plaintiff is not excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

2

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Eastern Reception, Diagnostic a Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 against St. Louis County, Missouri, and two St. Louis County police officers: Unknown Williams, DSN 3568, and Unknown Dickerson, DSN 4151. He sues Williams and Dickerson in an official and individual capacity.

According to the complaint, on or around July 31, 2013, Williams and Dickerson both kicked plaintiff in the face while he was handcuffed and lying on the ground. As a result, plaintiff suffered lacerations, scars, a fractured cheek bone and eye socket, a concussion, and mental and emotional stress. He was hospitalized at Christian Northeast Hospital. He seeks monetary damages.

## Discussion

The Court first addresses plaintiff's claims against defendant St. Louis County, Missouri. Plaintiff's claims against the County appear to be based upon a theory of respondeat superior. A

local governmental body such as a county is considered a "person" subject to section 1983 liability. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005). However, a county may be held liable only for constitutional violations that result from its policies or customs. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 811 (8th Cir. 2012). In this case, plaintiff has not alleged that a county policy or custom is responsible for his injuries. As a result, plaintiff's claims against defendant St. Louis County, Missouri will be dismissed without prejudice.

Plaintiff's official capacity claims against Williams and Dickerson are legally frivolous and will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, which in this case is the St. Louis County Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Plaintiff's allegations that Williams and Dickerson kicked him in the face while he was handcuffed survive initial review, and will be allowed to proceed. The Clerk of Court will be directed to issue process upon the complaint as to Williams and Dickerson in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant St. Louis County, Missouri, are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants Williams and Dickerson are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon St. Louis County Police Officers Unknown Williams (DSN 3568) and Unknown Dickerson (DSN 4151) in their individual capacities.

An Order of Partial Dismissal will be filed separately.

Dated this 26th day of December, 2017.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE